# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JACOB THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:16-CV-339-TLS |
| | ) |
| JULIE FINN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jacob Thompson, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants Julie Finn, Florence O'Neil, Linda Mundy, Katherine Kristoff, Cathy Serrano, Deborah Vian, Greg Zoeller, Ann Fulkerton, the Indiana Department of Child Services, John Thompson, Stephanie Thompson, and Stephen Griebel. He also filed a Motion for Leave to Proceed *in forma pauperis* [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The basis for the Plaintiff's suit appears to be as follows: the Indiana Department of Child Services ("DCS"), some of its employees, and the Plaintiff's Guardian Ad Litem and adoptive parents violated his rights by placing him into foster care and making other custody determinations regarding the Plaintiff and his brother, among other incidents. The Plaintiff claims his rights were violated under both federal and state law. In terms of relief, the Plaintiff seeks cognizable forms of relief such as damages and injunctive relief, as well as other remedies that are not as readily recognized. (*See* Compl. ¶¶ 92–108.)

First, the Plaintiff asserts under 42 U.S.C. § 1983 that the "Defendants have violated my human rights, civil rights and unalienable [sic] rights." (Compl. ¶¶ 65–66). The Plaintiff appears to claim that the Defendants abused their positions as public employees of the Department of Child Services. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because the Plaintiff is proceeding pro se and the Court must liberally construe the Complaint, the Court will consider the Defendants' actions in their official capacities and their private capacities.

The Plaintiff's suit against those Defendants in their official capacities is barred by Eleventh Amendment sovereign immunity. An official capacity suit is essentially one against the government entity itself. *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). However, the Eleventh Amendment precludes a citizen from suing a state, including state officials in their official capacities, for money damages in federal court without the state's consent. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989). Further, a state official acting in his official

capacity is not a "person" under § 1983 when a plaintiff is seeking damages. *Id.* at 71 ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted). "Whether a particular official is the legal equivalent of the State itself is a question of that State's law." *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994).

The Plaintiff's Complaint names DCS and numerous DCS employees—O'Neil, Mundy, Serrano, Kristoff, Finn, Vian, and Griebel—in their official capacity, as well as the Indiana Attorney General Zoeller. The Indiana Legislature created DCS as a state agency. *Id.* § 31-25-1-1; *see also Hetherington v. Dep't of Child Servs.*, No. 2:11-CV-62 RLM, 2012 WL 523712, at *3 (N.D. Ind. Feb. 12, 2012) (recognizing that DCS is an "arm of the state"). Further, the director of this state agency is permitted under Indiana law to "employ necessary personnel to carry out the department's responsibilities." § 31-25-2-2. In addition to a case where the Plaintiff was a party, courts have held that DCS employees are not "persons" under § 1983. *E.g.*, *Ferguson v. James*, No. 4:13-CV-050 JD, slip op. at 3, 6 (N.D. Ind. Feb. 20, 2015) (granting a motion to dismiss under Rule 12(b)(6) because the defendants worked for the DCS and were not "persons" under § 1983); *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 921 (N.D. Ind. 2009) (granting a motion to dismiss under Rule 12(b)(1) after finding that the defendant, who was a caseworker employed by DCS, was not a "person" subject to liability under § 1983 when sued in her official capacity). Additionally, a suit against a state's attorney general is one against the state, *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1983). Thus, given that most of the Defendants are state officials or a state entity for § 1983 purposes, the Plaintiff's official capacity claims for damages

are not cognizable.[1] The Plaintiff's § 1983 claim against DCS and the Defendants in their official capacities is dismissed.[2]

The Plaintiff's § 1983 claim against the Defendants in their personal capacities fails for multiple reasons. The allegations do not specify any federal constitutional rights of which the Defendants violated or deprived him, which means that the § 1983 claim does not provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Concentra*, 496 F.3d at 776–77, nor can these rights be discerned from the factual allegations. In addition, the § 1983 claim does not specify which particular Defendants committed the § 1983 violations, which fails to satisfy Rule 8's requirements. Defendants John and Stephanie Thompson, the Plaintiff's adoptive parents, were expressly sued in their personal capacities but cannot be sued for any constitutional violations because neither of them acted under color of state law. *See Blum v. Yaretsky*, 457 U.S. 991, 1003–05 (1982); *Savory*, 469 F.3d at 670 (noting that the Constitution only protects against acts of defendants acting under color of state law).

For the remaining Defendants—DCS employees acting in their official state capacities—to be liable in their personal capacity under the Plaintiff's § 1983 claim, the facts would need to show that they were not entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability . . .

---

[1] To the extent that the Court can determine the other forms of relief sought in the Complaint, those remedies appear to seek retrospective injunctive relief, which the Eleventh Amendment bars. *See Edelman v. Jordan*, 415 U.S. 651, 666–73 (1974).

[2] The Court notes that dismissals of § 1983 claims brought against defendants in their official capacities, a claim that implicates the Eleventh Amendment, have been under both Rules 12(b)(1) and 12(b)(6). *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370–71 (7th Cir. 2010) (noting the unusual nature of the Eleventh Amendment, as it is both waivable and an issue the court may raise itself); *see How to Assert State Sovereign Immunity Under the Federal Rules of Civil Procedure*, 69 Vand. L. Rev. 761, 780–99 (2016) (proposing that courts analyze sovereign immunity under both Rules 12(b)(1) and 12(b)(6)). At times, a court has converted a defendant's Rule 12(b)(6) motion into a Rule 12(b)(1) motion and then dismissed the § 1983 claim. *Hetherington*, 2012 WL 523712, at *3–4. Here, the Plaintiff's § 1983 claim against the Defendants would be resolved the same under either Rule 12(b)(1) or (b)(6).

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") The facts alleged in the Complaint do not show that any of these Defendants violated any "clearly established statutory or constitutional rights," *id.*, which entitles them to a presumption of qualified immunity. Thus, the Court dismisses the § 1983 claim for failure to state a claim upon which relief can be granted.

Second, the Plaintiff alleges a claim for human trafficking that suffers from similar problems. The lone factual allegation in the Complaint supporting this claim is that the Indiana Department of Child Services sold the Plaintiff and his brother to their adoptive parents "for $1,200.00 plus 525.00 a month." (Compl. ¶ 36.) To the extent that this claim involves the actions of the Indiana Department of Child Services and its employees acting in their official capacity, the doctrine of sovereign immunity again bars any possible recovery for the reasons stated above. *See Will*, 491 U.S. at 67, 71; *Hetherington*, 2012 WL 523712, at *3. With regard to suits against the Defendants in their personal capacities, even assuming the veracity of that allegation, it does not amount to a plausible claim of human trafficking. Accordingly, the Court dismisses the claim for human trafficking for failure to state a claim upon which relief can be granted.

Third, regarding the claim for violations of 18 U.S.C. § 1038, the Plaintiff merely states that "[t]he Defendants conspired with each other to attack my family." (Compl. ¶¶ 80–81.) No factual allegations support an inference that the Defendants violated § 1038, which prohibits dissemination of false or misleading information. Accordingly, the Court dismisses the claim for violation of § 1038 for failure to state a claim upon which relief can be granted.

Fourth, the Plaintiff claims that the "Defendants denied due process by taking me without a warrant, calling me incompetent without any proof and denying me an apartment without proof" and "also denied me the right to 'life, liberty and the pursuit of happiness.'" (Compl.

¶¶ 86–87.) These claims appear to arise from the actions taken by DCS and its employees during their ordinary course of business and administrative proceedings. Under the *Rooker-Feldman* Doctrine, this Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). A federal court is free to entertain claims that are independent of any state court proceedings. *Gilbert*, 591 F.3d at 900. Here, however, the Court cannot discern any such independent claims from the Plaintiff's Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests. Accordingly, the Court dismisses these claims for failure to state a claim upon which relief can be granted.

Finally, to the extent that the Plaintiff's remaining claims are cognizable causes of action, they arise under state law, rather than the Constitution or federal law. Additionally, all defendants are citizens of Indiana, which means that this Court does not have jurisdiction premised on diversity of citizenship. As such, the Court lacks subject-matter jurisdiction over the claims for slander, kidnapping, negligence, legal malpractice, perjury, child abuse, violation of oath of office, wrongful termination, and failure to protect, and dismisses them accordingly.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court

grants the Plaintiff until October 21, 2016, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, the Plaintiff should state the key facts supporting his claim, rather than provide vague recollections. Additionally, the Plaintiff should specify which Defendants the claims are asserted against and what each Defendant did in relation to that claim, including the date it happened. Any suit against DCS or its employees in their official capacity is absolutely barred by sovereign immunity. Along with an amended Complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by October 21, 2016, the Court will direct the Clerk to close this case. Should he choose, the Plaintiff is permitted to pursue his claims in state court. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) DISMISSES WITH PREJUDICE

    (a) ALL CLAIMS against DEFENDANT INDIANA DEPARTMENT OF CHILD SERVICES;

    (b) ALL CLAIMS against DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES;

(c) ALL § 1983 CLAIMS against DEFENDANTS JOHN THOMPSON and STEPHANIE THOMPSON;

(d) ALL § 1038, due process, and state law CLAIMS, against ALL DEFENDANTS;

(4) DISMISSES WITHOUT PREJUDICE the § 1983 and human trafficking claims as to DEFENDANTS in their PERSONAL CAPACITIES;

(5) GRANTS the Plaintiff until October 21, 2016, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee;

(6) CAUTIONS the Plaintiff that

(a) if he does not respond by the above deadline, this case will be dismissed without further notice;

(b) any amended complaint must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated the Plaintiffs' rights.

SO ORDERED on September 30, 2016.

       s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT